UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDIAS ANTOINE,

    Petitioner,  Case No. 14-14933
                                 HON TERRENCE G. BERG
v.

THOMAS MACKIE.

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Abdias Antoine[1] ("Petitioner") was convicted in Calhoun County Circuit Court in 2012 for assault with intent to commit murder and sentenced to 285 months to 40 years. (*See* Dkt. 1, pp. 1-2.) Petitioner's habeas application raises two claims: (1) his due process rights were violated when a juror's question and subsequent questioning by the Court and the prosecutor drew attention to the fact that he was wearing a leg restraint that Petitioner described as required by "rules and regulations" of the jail "when you come to court"; and (2) appellate counsel provided ineffective assistance for failing to raise a claim of ineffective assistance of

---

[1] When Petitioner filed his habeas petition, he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, but has since been transferred to the Oaks Correctional Facility. (*See* Dkt. 12.) The only proper respondent in a habeas case is the habeas Petitioner's custodian, which in the case of an incarcerated habeas Petitioner would be the warden of the facility where the Petitioner is incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 U.S.C. § 2254. Because Thomas Mackie is the warden of the Oaks Correctional Facility, the Court substitutes him as the proper respondent in the caption.

counsel against Petitioner's trial counsel for failing to object to the leg restraint during trial. (*Id.* at 6.)

Respondent filed a response to the habeas petition on July 7, 2015. (Dkt. 13.) On August 14, 2015, Petitioner filed his reply brief. (Dkt. 15.) The Court has carefully reviewed and considered the pleadings. For the reasons stated below, the Court will **DENY WITH PREJUDICE** the application for a writ of habeas corpus and the Court will also **DENY** Petitioner a certificate of appealability and leave to appeal in forma pauperis.

## I. FACTUAL BACKGROUND

Petitioner was convicted of assault with intent to commit murder following a jury trial in the Calhoun County Circuit Court. (Dkt. 1, p. 1.) Petitioner timely appealed his conviction to the Michigan Court of Appeals, arguing that: (1) his state and federal rights to due process were denied because he wore a "leg brace" during trial that was the subject of a juror question; (2) resentencing is required because the trial court did not correctly score prior record variables; and (3) appellate counsel was ineffective for failing to bring an ineffective assistance of counsel claim against Petitioner's trial counsel for not objecting to the leg restraints at trial. *People v. Antoine*, No. 310544, 2013 WL 4404321, at *1-3 (Mich. Ct. App. Aug. 15, 2013).

The Court upheld Petitioner's conviction, but granted Petitioner some relief by vacating his sentence. *Id.* at 4. Applying plain error review, the Court found that Petitioner had not preserved the shackling issue because Petitioner "did not

2

challenge the trial court's use of shackles" and to the extent that there was error, Petitioner invited the error "by informing the jury that he was restrained through unsolicited comments." *Id.* at 3.

Moreover, the Court found that appellate counsel was not ineffective because "appellate counsel's decision not to assert that trial counsel was ineffective for allowing [Petitioner] to be restrained in the presence of the jury was objectively reasonable" and that appellate counsel "need not make meritless arguments." *Id.*

On October 4, 2013, Petitioner filed an application for leave to appeal the court of appeals' decision with the Michigan Supreme Court. (Dkt. 14, Ex. 8, p. 2.) The Michigan Supreme Court denied Petitioner's application on December 23, 2013 because the Court was "not persuaded that the questions presented should be reviewed." (*Id.* at 1.) On March 3, 2014, Petitioner was resentenced to sixteen to forty years in prison. (Dkt. 14, Tr. 3/3/14). Petitioner filed this habeas petition on December 23, 2014. (Dkt. 1.)

The following summary of the facts of this case is taken word-for-word from the Michigan Court of Appeals' opinion affirming Petitioner's conviction. *Antoine*, 2013 WL 4404321, at *1. This summary is presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F. 3d 410, 413 (6th Cir. 2009).

> Antoine testified that in early 2011, Tina Weinert requested that he come visit her in Michigan. Antoine testified that he stayed at Weinert's house for about two weeks. Weinert testified that she and Antoine fought in July 2011, and Antoine was sent to jail. According to Weinert, Antoine warned her not to testify against him or have him sent to jail.

3

Weinert testified that in August 2011, she was sitting outside of her apartment, watching her son play. Ian Walker, Weinert's boyfriend, testified that he was inside the apartment, watching Weinert's daughter. According to Weinert, she saw Antoine drive past inside of a car. Weinert testified that she panicked and tried to get her son to go inside. While trying to get her son to the apartment, Weinert noticed Antoine attempting to move stealthily on foot. Weinert testified that she had just put her son into the apartment when she saw Antoine approaching her from behind a dumpster while drawing a butcher's knife.

Weinert testified that Antoine asked her whether she remembered him, began running at her, and stabbed her in the calf, arms, ribs, and stomach. Walker testified that he heard Weinert screaming, went to the door, and saw Antoine "punching" Weinert with a knife. Walker testified that when he went out to help Weinert, Antoine threw the knife down and fled.

Antoine testified that he never stabbed or injured Weinert, and that after he left the jail, he stayed with family in Washington D.C. and Florida. Antoine testified that Weinert was falsely accusing him.

*Antoine*, 2013 WL 4404321, at *1.

Petitioner now seeks a writ of habeas corpus on two of the three grounds considered by the Michigan Court of Appeals:

> I. [Petitioner] was denied his state and federal constitutional right to due process because he wore a leg brace during trial, which was the subject of question submitted by a juror and because the prosecution cannot demonstrate beyond a reasonable doubt that the leg brace did not contribute to the verdict.
>
> II. [Petitioner] was denied effective assistance of counsel, depriving him of his federal and state protected constitutional rights, where appellate counsel failed to raise a claim of ineffective assistance of counsel against trial counsel in connection with performance during trial, requiring that [a]n evidentiary hearing be granted.

(Dkt. 1, p. 3.)

4

## II.     LEGAL STANDARD

Petitioner challenges his 2012 conviction for assault with intent to commit murder in his habeas petition brought pursuant to 28 U.S.C. § 2254(d), which provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the United States Supreme Court ("Supreme Court") on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" of "clearly established Federal law" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

6

possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. That is not the case here.

### III.   ANALYSIS

Petitioner states two claims in his habeas petition. In his first claim, Petitioner contends that he was denied a fair trial because he was forced to wear leg restraints during his trial. (Dkt. 1, p. 3.) In his second claim, Petitioner alleges that appellate counsel was ineffective for failing to raise a claim that Petitioner's trial counsel was ineffective for failing to object to the use of leg restraints during trial. (*Id.*) Because these claims are interrelated, the Court will discuss them together.

### A. The Shackling Claim is Procedurally Defaulted

Petitioner first claims that he was denied due process because he was forced to wear a leg restraint during trial which became the subject of a question submitted by a juror. Although there is no allegation by Petitioner nor any evidence that the leg restraint or shackles were visible during trial, Petitioner claims that the jurors became aware that he was wearing a leg restraint after the following colloquy during Petitioner's testimony that was prompted by a juror's inability to hear Petitioner:

>   Unknown Juror: Sorry…
>
>   The Court: … she went into the house.
>
>   Unknown Juror: …. but I can't understand [Petitioner].
>
>   [Defense Counsel]: Okay. You need to keep your voice up because people are having a hard time hearing you. So move closer to the—up there and keep your voice up.

7

> [Petitioner]: There's some things that's in my leg. I can't get up there.
>
> [Defense Counsel ]: Okay. Well, just talk louder, okay?
>
> [Petitioner]: All right.

(Dkt. 14, Tr. 3/20/12, 82:4-13).

When Petitioner finished testifying, a juror submitted a written question asking whether Petitioner's leg was injured. (*Id.* at 92-94.) After discussing the question at side bar with defense counsel and the prosecutor and no objections were raised (*Id.* at 92-93), the trial judge asked Petitioner whether his leg was injured:

> [The Court]: [Petitioner], you testified that—as you were asked to move forward to the microphone—that you couldn't straighten your leg, is that—or that you couldn't bend your leg, is that right?
>
> [Petitioner]: Yes.
>
> [The Court]: That's not an injury, is it?
>
> [Petitioner]: That's not an injury. I—I have—from—this is a strap with a...
>
> [The Court]: Right.
>
> [Petitioner]: .... with a metal in it that—that they put...
>
> [The Court]: Right.
>
> [Petitioner]: .... on my feet as...
>
> [The Court]: On the—on the 14th of August of 2011, did you have a leg injury of any kind?
>
> [Petitioner]: No, I don't have no leg injury.

(*Id.* at 93:17-15-94:1-6.)

On cross-examination, the prosecutor sought clarification:

8

> [The Prosecutor]: Now you indicated you had something on your leg. That's something that was placed on it by the Sheriff's Department?
>
> [Petitioner]: No, just by the jail—by the—by the—I think they—that's they rules and regulations to have this on your leg when you come to court.

(*Id.* at 96:5-9.) Neither defense counsel nor Petitioner objected to this question or the answer during the trial, and defense counsel chose not to redirect on the topic but rather simply rested the case once Petitioner had responded. (*Id.* at 96:10-17.)

Petitioner may not raise his shackling claim now because he made no objection during the trial to the juror's question, the Court's follow-up questions, or the prosecutor's questions relating to his leg restraints. Petitioner has thus procedurally defaulted his shackling claim. As the Sixth Circuit has explained, a federal habeas Petitioner can procedurally default a claim by "failing to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

Where a state has a procedural rule that prevents the state courts from hearing the merits of a habeas Petitioner's claim, that claim is procedurally defaulted when "1) [the] petitioner failed to comply with the rule, 2) the state actually enforced the rule against the petitioner, and 3) the rule is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Id.* (quoting *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003)).

9

The Sixth Circuit's analysis in *Taylor v. McKee*, 649 F.3d 466 (6th Cir. 2011) is instructive here. The Sixth Circuit held in *Taylor* that a shackling claim can be procedurally defaulted when said claim is not properly preserved in the state courts. *See* 649 F.3d at 450 ("Taylor's claim in regard to his shackling was procedurally defaulted by his failure to make a contemporaneous-objection to his treatment at the trial-court level.") In *Taylor*, a Michigan prisoner argued that he was denied his right to a fair trial when he was forced to walk in front of jurors on the venire panel while wearing shackles and that any default was excused by the ineffective assistance of his lawyer for failing to object to this treatment. *See id.* at 448, 451. The *Taylor* Petitioner argued, as Petitioner argues here, that "he received ineffective assistance of his appellate counsel on direct review because that counsel failed to argue the ineffectiveness of trial counsel." *Id.* at 452. The *Taylor* Court was not persuaded by either of these arguments.

In *Taylor,* the Court held that "because Taylor's counsel did not raise the shackling issue at trial, it is procedurally defaulted, and Taylor's claim of ineffective assistance of counsel does not constitute cause and prejudice to excuse this default." *Id.* at 448. The *Taylor* Petitioner's ineffective assistance of counsel claim could not be used to show cause and prejudice because, as in this case, "the ineffective assistance of counsel claim was itself procedurally defaulted." *Id.* at 451. Moreover, the *Taylor* Court found that the Michigan Court of Appeals' application of plain error review to the Petitioner's shackling claim constituted "an adequate and

10

independent state ground for foreclosing federal review" because it had prevented the state court from fully reaching the merits. *Id.*

Michigan has a "well-established and normally enforced" contemporaneous objection procedural rule that was enforced in this case, as neither Petitioner nor his lawyer made any objection at trial regarding his leg restraints or references to them. *See id*. This failure to object at trial to the juror's or the prosecutor's question about Petitioner's leg restraint led the Michigan Court of Appeals to find that the issue had not been preserved and to apply plain error review which prevented the state court from fully considering the merits of Petitioner's claim.[2] *See Antoine*, 2013 WL 4404321, at *1-2 ("Antoine did not challenge the trial court's use of shackles. We conclude that Antoine has not preserved this issue. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights."). As explained in *Taylor*, this constitutes an independent and adequate state ground for a procedural default. *See* 649 F.3d at 451.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation, or how that failure to consider his claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a Petitioner fails to show cause for his or her procedural default, it is unnecessary for the Court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

---

[2] The Michigan Court of Appeals, after establishing that the applicable standard of review was plain error, concluded that Petitioner "has waived our review of this issue through the doctrine of invited error." *Antoine*, 2013 WL 4404321, at *2.

11

Here, as in *Taylor*, Petitioner's shackling claim is procedurally defaulted and, as explained below, because Petitioner's ineffective assistance of trial and appellate counsel claim fails, Petitioner cannot make a showing of cause to excuse the default of his shackling claim. It is thus unnecessary for the Court to consider whether actual prejudice resulted from the alleged violation of Petitioner's due process rights.

**B. Petitioner Cannot Establish Ineffective Assistance of Trial or Appellate Counsel**

Petitioner has failed to show that he was denied the effective assistance of trial or appellate counsel, either to excuse the default or as an independent basis for habeas relief. Petitioner fails to argue that any elements of a procedural default are missing in regard to his shackling claim. (Dkt. 1, p. 27.) Instead, Petitioner claims that he received ineffective assistance from his trial and appellate counsel, and this is sufficient to establish cause and prejudice to excuse his default of the shackling claim. (*Id.*) Essentially, Petitioner argues that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on Petitioner's direct appeal. (Dkt. 1, p. 3.)

Petitioner is correct that ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To show that he was denied the effective assistance of counsel under federal constitutional standards, however, Petitioner must satisfy a two-prong test. First, Petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by

the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, Petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.

Second, Petitioner must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the party who raises the claim of ineffective assistance must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Wong v. Belmontes*, 558 U.S. 15, 27 (2009). Here, Petitioner cannot establish that either his trial or appellate counsel were ineffective and therefore cannot show cause to excuse his default of the shackling claim.

**1. Trial Counsel was not Ineffective**

Petitioner is unable to establish that his trial attorney was ineffective for failing to object to Petitioner being shackled or to the juror's and prosecutor's references to Petitioner's leg restraint for two reasons.

First, Petitioner failed to show that trial counsel did not make a strategic decision to refrain from objecting to the references to Petitioner's leg restraints, which were otherwise not visible to the jurors. The Sixth Circuit has noted that "experienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment" and thus often "use objections in a tactical manner." *Lundgren,* 440 F. 3d at 774. Petitioner's trial lawyer may have

13

chosen not to object so as not to draw any further attention to Petitioner's leg and his leg restraints and to move on from the topic as quickly as possible.

 This appears to have been a justified course of action in retrospect, because the juror's question related to whether Petitioner suffered from a leg injury. An objection to that narrow question might well have been overruled, allowing additional inquiry into the fact that the Petitioner was fully capable of running up on the victim at the time of the offense, as alleged by the prosecution. Objections to the questions that elicited Petitioners statements about the leg restraints might well have appeared ill-advised to counsel because they could have served to emphasize and draw attention to the restraints themselves. *See e.g. Stamps v. Rees*, 834 F. 2d 1269, 1276 (6th Cir. 1987) (failure to request jury admonition concerning permissible use of evidence of prior convictions did not constitute ineffective assistance "as it is quite evident that ... counsel simply wanted to get past the prior convictions as quickly as possible without bringing undue attention to them").

 Second, in light of the compelling evidence of guilt in this case, Petitioner is unable to show that he was prejudiced by the shackling itself or by trial counsel's failure to object to references to the leg restraints. The shackling of a Defendant is harmless error if there is overwhelming evidence of the Defendant's guilt. *See Lakin v. Stine,* 431 F.3d 959, 966 (6th Cir. 2005); *See also Robinson v. Gundy,* 174 Fed. App'x. 886, 893 (6th Cir. 2006). The prejudice prong of the ineffective assistance analysis is essentially similar to the inquiry made in harmless-error review. *See Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009).

Here, two witnesses identified Petitioner as the assailant. Tina Weinert testified that she was one hundred percent certain that Petitioner was her assailant. The uncertainties attendant to eye-witness identifications were not present in this case, because Weinert knew Petitioner personally, having spent two weeks with him only one month before the attack, and having communicated with him two weeks before. (Dkt. 13, Tr. 3/20/12, p. 44.) Weinert testified that Petitioner came out from behind a dumpster with a large butcher knife and stabbed her repeatedly. (*Id.* at 41-43.) Petitioner had threatened Weinert two weeks before the stabbing because he was concerned that she would testify against him in another matter. (*Id.* at 36.)

Moreover, Ian Walker, who was babysitting one of Weinert's children that day, testified that he heard Weinert calling for help. (*Id.* at 9-10.) As he came to assist, Walker also identified Petitioner as the person stabbing Weinert with a knife. (*Id.* at 10-11.) Weinert was hospitalized for more than a week because of her multiple stab wounds. (*Id.* at 44.) Dr. John Koziarski, the treating surgeon, testified that the victim suffered numerous stab wounds. (*Id.* at 70.) The only evidence for the defense was Petitioner's own testimony that he was not the assailant. (*Id.* at 90-91.) On balance, the jury credited Weinert and Walker's testimony and convicted Petitioner in less than two hours. (*See* Dkt. 13, Tr. 3/21/12, p. 36.)

In light of the overwhelming evidence of Petitioner's guilt, any prejudice that may have resulted from the shackling was more than outweighed by the testimony and evidence of guilt at trial. Petitioner therefore cannot meet the *Strickland*

requirement of showing that his trial counsel failure to object resulted in any prejudice.

In essence, Petitioner cannot establish a reasonable probability that but for his trial lawyer's allegedly erroneous failure to object, the result of the trial would have been any different. Accordingly, Petitioner was not prejudiced by his trial lawyer's failure to object to his placement in leg restraints or to the questions regarding his restraints. *See Bell v. Hurley*, 97 Fed. App'x. 11, 17 (6th Cir. 2004). Because the Petitioner is unable to show that he was prejudiced by his shackling, trial counsel was not ineffective in failing to object at trial. *See Taylor*, 649 F. 3d at 451, n. 1 (ineffective assistance claim likely to fail on the merits because, given the strength of the evidence against him, Petitioner would likely have been convicted whether he was shackled at trial or not).

**2. Appellate Counsel was not Ineffective**

Moreover, because of the overwhelming evidence against him in this case, Petitioner likewise cannot establish that he was prejudiced by appellate counsel's failure to raise a claim on direct appeal that trial counsel was ineffective for failing to object to Petitioner's shackling. *See, e.g., Keys v. Booker*, No. 14-1274, 2015 WL 4926693, at *11 (6th Cir. Aug. 19, 2015) (appellate counsel was not deficient for failing to investigate issue regarding shackling of Petitioner before jury at voir dire stage, since Petitioner was not prejudiced as a result of jury seeing him in shackles, and even if had been so prejudiced, the outcome of the trial would remain unchanged due to the overwhelming evidence of Petitioner's guilt).

Petitioner raised his ineffective assistance of appellate counsel claim in Petitioner's own pro se supplemental brief filed with the Michigan Court of Appeals.[3] The Michigan Court of Appeals rejected Petitioner's claim that trial counsel was ineffective for failing to object to the shackling and that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness on appeal. *Antoine*, 2013 WL 4404321, at *3. Because the Michigan Court of Appeals considered and rejected Petitioner's ineffective assistance of trial counsel claim, Petitioner is unable to show that he was prejudiced by appellate counsel's failure to raise this claim in the appeal brief counsel filed. *See Donaldson v. Booker,* 505 Fed. App'x. 488, 496 (6th Cir. 2012).

Additionally, Petitioner has not presented any new, reliable evidence to support any assertion of innocence which would allow this Court to consider his defaulted shackling claim as a ground for a writ of habeas corpus in spite of the procedural default. Accordingly, a miscarriage of justice will not occur if the Court declines to review Petitioner's shackling claim on the merits. *See Payne v. Smith,* 207 F. Supp. 2d 627, 639 (E.D. Mich. 2002).

Because Petitioner has not demonstrated any cause to justify his procedural default, it is unnecessary to reach the prejudice issue regarding his shackling claim. *Smith,* 477 U.S. at 533; *See also Isabell v. Curtis,* 36 Fed. App'x. 785, 788 (6th Cir. 2002); *Payne,* 207 F. Supp. 2d at 638-9.

---

[3] Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004), "explicitly provides that a *pro se* brief may be filed within 84 days of the filing of the brief by the appellant's counsel, and may be filed with accompanying motions." *Ware v. Harry,* 636 F. Supp. 2d 574, 594, n. 6 (E.D. Mich. 2008).

17

## IV. CERTIFICATE OF APPEALABILITY

The Court will deny the petition for writ of habeas corpus as well as a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010). In order to obtain a certificate of appealability, a Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the Petitioner is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When a district court rejects a habeas Petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the Petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.

For the reasons stated in this Order, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002), *aff'd* 376 F.3d 520 (6th Cir. 2004). The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### V.  CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal in forma pauperis.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on November 2, 2015, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager