## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ABDIAS ANTOINE,

           Petitioner,                            Case No. 14-14933
                                               HON TERRENCE G. BERG

     v.

THOMAS MACKIE.

           Respondent.

_____/

## ORDER DENYING AS MOOT PETITIONER'S
## MOTION FOR AN EVIDENTIARY HEARING (DKT. 18)

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Abdias Antoine[1] ("Petitioner") was convicted in Calhoun County Circuit Court in 2012 for assault with intent to commit murder and sentenced to 285 months to 40 years. (*See* Dkt. 1, pp. 1-2.) On December 23, 2014, Petitioner filed an application for habeas relief, raising two claims: (1) he was denied his right to due process because he was shackled during trial; and (2) appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to object to the leg restraint or to a juror's question and the prosecutor's remarks about the restraint during trial. (*Id.* at 6.)

---

[1] When Petitioner filed his habeas petition, he was incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, but has since been transferred to the Oaks Correctional Facility. (*See* Dkt. 12.) The only proper respondent in a habeas case is the habeas Petitioner's custodian, which in the case of an incarcerated habeas Petitioner would be the warden of the facility where the Petitioner is incarcerated. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 U.S.C. § 2254. Because Thomas Mackie is the warden of the Oaks Correctional Facility, the Court substitutes him as the proper respondent in the caption.

On November 2, 2015, this Court denied the petition and declined to issue a certificate of appealability, finding that Petitioner's shackling claim was procedurally defaulted and his ineffective assistance of appellate counsel claim lacked merit. (*See* Dkt. 16.) On November 10, 2015, Petitioner filed a motion for an evidentiary hearing dated October 30, 2015. (Dkt. 18, p. 9.) In his motion, Petitioner argues that an evidentiary hearing is necessary to develop the record in support of his shackling claim. (*Id.* at ¶ 8.) In particular, Petitioner is concerned that this Court does not recognize his argument that he can overcome his procedural default of the shackling claim because his trial counsel was ineffective for failing to object at trial to his shackling and the related comments made by a juror and the prosecutor. (*Id.* at ¶¶ 5-7.) Before this Court ruled on Petitioner's motion, he filed a notice of appeal of this Court's Order denying his habeas petition and an application to proceed in forma pauperis on appeal. (Dkts. 19-20.)

It appears that Petitioner's motion for an evidentiary hearing and this Court's Order denying Petitioner habeas relief may have crossed in the mail. In its Order, this Court recognized that failure to object can serve as cause to excuse a procedural default and addressed Petitioner's assertion that his trial lawyer was ineffective for failing to object at trial. (Dkt. 16, pp. 12-16.) This Court concluded, however, that Petitioner did not show cause to excuse the procedural default because he could not show that the failure to object was anything other than a strategic decision to avoid calling attention to the restraints, and because he could

not demonstrate that the outcome of the trial would have been different had trial counsel objected in light of the overwhelming evidence of Petitioner's guilt. (*Id.*)

The Court of Appeals for the Sixth Circuit recently ruled that Petitioner was not eligible to appeal this Court's decision denying the petition for habeas relief. *See Antoine v. Mackie*, No. 15-2485 (6th Ct. App. May 17, 2016). The Court of Appeals construed Petitioner's appeal as an application for a certificate of appealability and denied the application. *Id.* at 1, 5.  Agreeing this this Court, the Court of Appeals held that Petitioner's "due process claim is procedurally defaulted" and that "reasonable jurists would not debate the district court's denial of [Petitioner's] shackling claim on procedural default grounds." *Id.* at 3-4. The Court of Appeals further agreed that "[b]ecause [Petitioner] has not demonstrated that the outcome of the trial would have been different had counsel objected, he has failed to make a substantial showing of ineffective assistance of trial counsel to overcome the procedural default of his shackling claim." *Id.* at 4. Petitioner was also denied relief on his ineffective assistance of appellate counsel claim. *Id.* at 4-5.

Because this Court and the Court of Appeals have denied Petitioner habeas relief on all his claims, Petitioner's Motion for an Evidentiary Hearing Pursuant to Habeas Rule 8 (Dkt. 18) is **DENIED AS MOOT**.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  May 25, 2016

## Certificate of Service

I hereby certify that this Order was electronically submitted on May 25, 2016, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager